UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION

CIVIL ACTION NO. 2:21CV15 (WOB)

MMCPM LOGISTICS, LLC                                      PLAINTIFFS

VS.                    **MEMORANDUM OPINION AND ORDER**

CLARITY RETAIL, LLC,
ET AL.                                                    DEFENDANTS

This matter is before the Court on a motion for default judgment by defendant/counter-claimant/third-party-plaintiff Clarity Retail, LLC (Doc. 21); a motion for default judgment by defendant/counter-claimant First Financial Bank (Doc. 25); and a motion to set aside defaults, to dismiss all claims of Clarity Retail, LLC, and to remand to the Grant Circuit Court by plaintiff/counter-defendant MMCPM Logistics, LLC and third-party defendants Myron Miller and Summer Miller. (Doc. 24).

The Court has reviewed this matter and concludes that oral argument is unnecessary.

*Factual and Procedural Background*

A.  **The Parties' Agreements**

Clarity Retail, LLC is an Ohio limited liability company that sells signage and other items for use in retail store displays. (Doc. 1-6 at 9). MMCPM Logistics, LLC ("MMCPM Logistics") is a

Kentucky limited liability company based in Williamstown, Kentucky.[1]

In 2015, MMCPM Logistics started working with Clarity installing fixtures and décor in retail stores. (*Id.*). In 2018, MMCPM Logistics began performing inventory and fulfillment functions for Clarity's customer, Dollar Tree. (*Id.*).

In February 2019, Clarity and MMCPM Logistics entered into a "Warehousing, Assembly & Logistics Agreement" for MMCPM Logistics to assemble and ship Clarity's products to Dollar Tree and Family Dollar stores. (Doc. 1-1 at 14-15). One provision of this agreement states: "All disputes will be decided according to the laws of the Commonwealth of Kentucky. Venue and jurisdiction will be Grant Circuit Court, Grant County, Kentucky." (*Id.* at 15).[2]

In connection with this agreement, First Financial Bank, which had made several large business loans to Clarity, obtained from MMCPM Logistics an agreement in which MMCPM Logistics

---

[1] MMCPM, LLC is an entity related to MMCPM Logistics, LLC. The Kentucky Secretary of State's website states that third-party defendants Myron and Summer Miller are the sole members of both companies. In the briefs before the Court, the parties do not explain the relationship between these entities.

[2] Clarity asserts in its Counterclaim and Third-Party compliant that MMCPM Logistics never signed the document (Doc. 1-6 at 10), but the copy of the contract attached to plaintiff's complaint bears the signature of Summer Miller. (Doc. 1-1 at 15.). This could be a scrivener's error, however; Clarity might have meant to say that MMCPM, LLC was not a party to the contract, which appears to be correct.

2

acknowledged that First Financial held a valid, perfected, and superior security interest in any assets of Clarity located in MMCPM Logistics' warehouse. (Doc. 1-5 at 57).

At this point, the pleadings diverge as to what transpired, but it is clear that things went wrong between Clarity and MMCPM Logistics.

B. **Litigation Ensues**

In October 2020, Clarity filed suit against Myron Miller, Summer Miller, MMCPM Logistics, LLC, and MMCPM, LLC in the Court of Common Pleas in Hamilton County, Ohio. That court dismissed the action based on the forum selection clause in the parties' agreement. (Doc. 1-1 at 16-17).

On December 29, 2020, MMCPM Logistics then filed suit in Grant Circuit Court in Grant County, Kentucky against Clarity and its agent, Ian Jordan; First Financial Bank; and Dollar Tree/Family Dollar, alleging a claim for tortious interference with contract. (Doc. 1-1 at 2-21). MMCPM Logistics alleged that Clarity never put MMCPM Logistics on notice that there were problems with MMCPM Logistics' work or damages to the products it shipped; that Clarity failed to pay MMCPM Logistics for its services and for storage of the retail items; and that Clarity then set up its own facility to carry out the tasks that were the subject of their contract. (*Id.*).[3]

---

[3] The complaint is unclear as to what claims are asserted against defendants other than Clarity and Jordan, but it seems to reference

3

Counsel for MMCPM Logistics, John Threlkeld ("Threlkeld"), listed his email address on the Grant County complaint as tandtlaw@wkybb.net. (Doc. 1-1 at 13).

On January 26, 2021, First Financial filed an answer to MMCPM's complaint, as well as a counterclaim seeking a declaratory judgment that First Financial holds a valid, perfected and superior security interest in the MMCPM Logistics warehouse collateral. (Doc. 1-5). The certificate of service for this pleading shows that it was served on January 25, 2021 via email on Threlkeld at the email listed on the complaint, tandtlaw@wkybb.net. (Doc. 1-5 at 12; Doc. 25-1 at 4). It was also served on Threlkeld at that email address by the Kentucky state court. (Doc. 25-1 at 6).

On January 29, 2021, Clarity and Jordan filed their answer, a counterclaim against MMCPM Logistics, LLC, and a third-party complaint against MMCPM, LLC, Myron Miller, and Summer Miller. (Doc. 1-6). This pleading alleges that, from the outset of the parties' contract in 2019, MMCPM Logistics demonstrated an inability to perform the shipping and logistics functions due to insufficient capacity and staffing, and that Clarity lost hundreds of thousands of dollars due to damaged or missing items. (*Id.*). Clarity alleges that, due to MMCPM Logistics' failure to perform

---

the fact the First Financial and Family Dollar/Dollar Tree may have liens against the property in question.

4

its contractual duties and the resulting losses, Clarity began performing the work itself. Finally, Clarity alleges that MMCPM Logistics has refused to return Clarity's inventory.

This pleading was served on Threlkeld at tandtlaw@wkybb.net, (Doc. 1-6 at 17), and a notice of the filing was also sent to Threlkeld electronically by the Grant Circuit Court. (Doc. 19-1 at 3). Counsel for Clarity has filed an affidavit stating that Threlkeld told counsel that he would accept service on behalf of the third-party defendants (MMCPM, LLC and the Millers), and an email from Clarity's counsel to Threlkeld reflecting such service is attached to the affidavit. (Doc. 19-1 at 1-2, Doc. 21-1 ¶ 3) (Curran Affidavits); Doc. 21-1 at 6 (email from Clarity's counsel to Threlkeld at tandtlaw@wkybb.net).

Later that same day, defendants Dollar Tree, Inc. and Family Dollar, Inc. filed a Notice of Removal removing the case from Grant County to this Court on the basis of diversity jurisdiction. (Doc. 1). The Notice of Removal was served on Threlkeld at the same email address as above.

On April 16, 2021, Clarity filed a request for entry of default against MMCPM Logistics, LLC, Myron Miller, Summer Miller, and MMCPM, LLC because more than 21 days had elapsed since service of Clarity's counterclaim and third-party complaint, and no answers were filed. (Doc. 19). The Clerk of Court entered default against these counter and third-party defendants on April 19, 2021.

5

(Doc. 20). Clarity then moved for entry of default judgment. (Doc. 21).

On April 19, 2021, First Financial Bank also moved for entry of default on its counterclaim against MMCPM Logistics. (Doc. 22). That default was entered on April 22, 2021. (Doc. 23).

On April 30, 2021, MMCPM and the Millers filed a motion to set aside the entries of default and to remand to the Grant Circuit Court. (Doc. 24), invoking Rule 60(b)(1). This motion does not state that it also made on behalf of MMCPM, LLC. Defendants have opposed the motion (Docs. 26, 27), and they have moved for default judgment. (Docs. 21, 25).[4] MMPCPM Logistics and the Millers have not filed a reply in support of their motion, not have they responded to the motions for default judgment.

On May 14 and 21, 2021, MMCPM and the Millers filed Answers to the Counter and Third-Party complaints. (Docs. 28, 29). They did not seek leave to do so.

### *Analysis*

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause." The factors for "good cause" are (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious

---

[4] Defendants Dollar Tree and Family Dollar have since been dismissed from this action by agreement. (Doc. 31).

6

defense, and (3) whether the plaintiff will be prejudiced. *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006).

"A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." *Yeschick v. Mineta*, 675 F.3d 622, 628-29 (6th Cir. 2012) (citation omitted).

The motion to set aside the entries of default filed by counter-defendant MMCPM Logistics and third-party defendants Myron and Summer Miller contains a single sentence pertaining to the reason for their default: "No electronically filed documents have been found to have been served upon the undersigned nor were any received as properly posted with the United States Postal Service." (Doc. 24 at 3). The attached affidavits do not expound on this assertion or offer any explanation as to why that may have occurred.

Clarity's opposition to the motion to set aside seems to assume that MMCPM Logistics' counsel's email may have changed or was improperly listed at some point. Assuming that to be true, it does not aid the movants.

"In this Circuit, missing an email is not an excuse for missing a deadline." *Johnson v. Baptist Memorial Health Care Corp.*, No. 2:18-cv-02509, 2019 WL 5847850, at *3 (W.D. Tenn. Nov. 7, 2019) (citing *Yeschick*, 675 F.3d at 629)).

7

In *Yeschick*, the Sixth Circuit, in the Rule 60(b)(1) context, made it very clear that counsel have "an affirmative duty to monitor the dockets to keep apprised of the entry of orders" and that "it is the party, not the court, who bears the burden of apprising the court of any changes to his or her" email or postal address. *Yeschick*, 675 F.3d at 629-30. The Court elaborated:

> Thus, after an email address change or migration, just as with change of physical address, a party must inform the court of his or her updated contact information if he wishes to receive notices of electronic filing. **However, we emphasize that regardless of whether email notifications are received, parties continue to have a duty to monitor the court's docket.**
>
> . . .
>
> Here, the ability to update his contact information on file with the court was within [counsel's] control, as was the ability to access the electronic docketing system directly in order to monitor Yeschick's case for new filings. Moreover, we have held that gross carelessness or inadvertent conduct that results in judgment will not give rise to a successful claim of excusable neglect if the facts demonstrate a lack of diligence.

*Id.* at 630-31. (emphasis added).

Thus, movants' bare assertion that counsel never received service of certain documents via email is insufficient as a matter of law to support their motion.

Moreover, the assertion is belied by the record. First, the email address that movants' counsel listed on the complaint that he filed in Grant Circuit Court, tandtlaw@wkybb.net, is the same

8

address that was used: (1) by the parties and the state court for service of the counter and cross pleadings filed in state court prior to removal; (2) the notice of removal itself; and (3) all documents since filed in this Court. Indeed, it is the same email address listed in this Court's ECF docket for service upon movants' counsel.

Second, Clarity's counsel has filed an affidavit stating, under penalty of perjury, that on February 3, 2021 movants' counsel verbally represented to him that he would accept service of the third-party complaint. Attached to counsel's affidavit is an email reflecting such service. This means that movants' counsel, in fact, knew of the filing of the pleading against his clients. Despite their right to file a reply brief in support of their motion which could have addressed this testimony, movants did not file one.

Third, the original complaint in this matter was filed on December 29, 2020; movants did not file their motion to set aside the defaults against them until April 30, 2021, four months later. It defies belief that, having initiated a lawsuit, counsel would not wonder what was happening in the case and accordingly check the docket. Under the above authority, counsel had an affirmative obligation to do so.

Likewise, the motion says nothing about a meritorious defense. It asserts, without explanation, that Clarity's claims are barred by res judicata and collateral estoppel. Assuming

9

movants are referring to the dismissal of the Hamilton County, Ohio lawsuit, they are wrong, as the dismissal of that case was not on the merits.

Next, Clarity correctly points out that the third-party defendants are not parties to the agreement between Clarity and MMCPM Logistics, LLC, rendering movants' reliance on the forum selection clause unavailing.

Finally, as noted above, the motion to set aside the default does not state that it is also made on behalf of MMCPM, LLC.

For all of these reasons, the Court finds that movants have not carried their burden under Rule 55(c) to show good cause, and the motion to set aside will thus be denied.

Therefore, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that:

(1) The motion to set aside defaults, to dismiss all claims of Clarity Retail, LLC, and to remand to the Grant Circuit Court by plaintiff/counter-defendant MMCPM Logistics, LLC and third-party defendants Myron Miller and Summer Miller (Doc. 24) be, and is hereby, **DENIED**;

(2) The motion for default judgment by defendant/counter-claimant/third-party-plaintiff Clarity Retail, LLC (Doc. 21) and

the motion for default judgment by defendant/counter-claimant First Financial Bank (Doc. 25) be, and are hereby, **GRANTED**; and

(3) Separate default judgments shall be entered in the record.

This 20th day of August 2021.



Signed By:
*William O. Bertelsman* WOB
United States District Judge